## THE MAYOR, ALDERMEN, AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANTS, v. MICHAEL RYAN AND OTHERS, RESPONDENTS.

*Bond—Surety—Public Officers—Enlargement of Duties—Discharge.*

When the Legislature enlarge the duties of a public officer, it does not operate to discharge the sureties of such officer from their liability on his official bond.

*J. S. Carpentier* for Appellants.
*E. T. Rice* for Respondents.

DAVIES, CH.J.—The Defendant Ryan was sued in the New York Common Pleas, as the surety of one Sibberns, a constable of the city of New York. It is provided by the laws relating to that city (2 Rev. Laws, 397, § 147), that every person thereafter to be elected or appointed to the office of constable or marshal in said city, should, before he entered upon the execution of said office, enter into a bond, with one or more surety or sureties, in the penal sum of $500, jointly and severally to answer to the said Mayor, &c., and the parties, if any shall complain, and conditioned that such officer shall in all things perform and execute the duties of said office.

The complaint alleged that Ryan gave the bond referred to on the 14th day of January, 1857, and that, on the 8th day of May in the said year, the Defendant Sibberns, as constable, received two executions against the persons therein named; that, by virtue thereof, he took and carried away, on the 9th of May, 1857, the property of one John Redman, jun., and detained the same; that Redman brought an action against him therefor, and recovered judgment for the value of said goods, &c., to the amount of $83.25; that one execution had been issued on said judgment, and had been duly returned unsatisfied.

On the 13th day of April, 1857, an Act was passed to reduce the several Acts relating to the District Courts in the city of New York into one Act, and by this Act additional duties were imposed upon the constables of said city.

It is not claimed that the duties theretofore incumbent on such officers have been changed, but only that additional or new duties have been imposed. Neither is it claimed that the acts for which the constable has been made liable in the present case, by the judgment recovered against him, were done in pursuance of any authority conferred by the Act of April 13, 1857.

It is quite clear that they were personal, and discharged under and by virtue of the then existing provisions of law, and had no connection whatever with the Act of April 13, 1857.

The Judge at Special Term held, that after the bond in suit was given, the Legislature, by the Act of April 13, 1857, had enlarged the jurisdiction of the District Court, and imposed new duties upon constables, and that when a surety enters into a bond for the faithful performance by his principal of the duties of an office, and after the giving of the bond the duties of the office are altered so as to increase or vary the risk of the surety, the bond cannot be enforced against the surety, although the act relied upon as a breach of the condition would have been a violation of the officer's duty before the alteration was made.

This judgment was affirmed at the General Term of the New York Common Pleas, and the Plaintiffs appeal to this Court.

The precise point raised by this appeal has lately been under consideration by this Court, and been decided.

In the case of The People *v.* Alden Vilas and others, decided at the last March Term, we held precisely the opposite doctrine.

In that case the Defendants became the sureties, on the 15th day of January, 1850, of one Mahlon P. Jackson, as commissioner for loaning certain moneys of the United States for the county of St. Lawrence.

On the 10th of April, 1850, the Legislature imposed new obligations on the principal in the discharge of the duties of his office, and it was insisted that the sureties were consequently discharged.

This Court thought otherwise, and held that the sureties were not discharged.

That case is decisive of the one now under consideration, and

it is unnecessary to again discuss the question, or again refer to the authorities which, we believe, fully sustain the result at which we then arrived.

The judgment appealed from must be reversed, and a new trial ordered, costs to abide the event.

All concur, except PORTER and BOCKES, JJ., not voting.
Reversed.

JOEL TIFFANY,
State Reporter.
